UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-547 MWF (JEMx) | Date: March 24, 2021 |
| Title: | The Fred R. Gumbinner Living Trust, Inc., et al. v. Kronos Advanced Technologies, Inc. |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [20]; GRANTING MOTION TO REMAND [22]; DENYING DEFENDANT'S MOTION TO STRIKE [35]; ORDER TO SHOW CAUSE WHY RULE 11 SANCTIONS AND ATTORNEYS' FEES SHOULD NOT BE IMPOSED

Before the Court are three motions:

The first is Defendant Kronos Advanced Technologies, Inc.'s Motion for Judgment on the Pleadings, filed on February 16, 2021. (Docket No. 20).

The second is Plaintiffs the Fred R. Gumbinner Living Trust, Fred Gumbinner, and Richard A. Sun's Motion to Remand (the "Motion"), filed on February 18, 2021. (Docket No. 22). Defendant did not file an opposition. (*See generally* Docket).

The third is Defendant's Motion to Strike Language in Plaintiffs' Ex Parte Application, filed on March 23, 2021. (Docket No. 35). The Court granted Plaintiffs' Ex Parte Application on February 24, 2021. (Docket No. 33). Accordingly, Defendant's Motion to Strike is **DENIED** *as moot*.

The Motion to Remand was noticed to be heard on March 22, 2021. The Court read and considered the papers on the Motion and deemed the matter appropriate for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-547 MWF (JEMx)            Date:  March 24, 2021
Title:    The Fred R. Gumbinner Living Trust, Inc., et al. v. Kronos Advanced Technologies, Inc.

decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.  Vacating the hearing is also consistent with General Order 20-09 arising from the COVID-19 pandemic.

Defendant's failure to oppose the Motion suffices as a basis to grant it.  *See* L.R. 7-12. ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion").  The Motion also succeeds on the merits.

For the reasons stated below, the Motion to Remand is **GRANTED**.  Defendant's basis of removal, diversity jurisdiction, was plain from the face of the Complaint, and Defendant removed this action more than 30 days after being served with a copy of the Summons and Complaint.  Because the Court remands the action, Defendant's Motion for Judgment on the Pleadings is **DENIED** *as moot*.

For the reasons discussed below, it appears that Defendant's untimely removal was objectively unreasonable and patently frivolous.  Accordingly, Defendant is **ORDERED TO SHOW CAUSE**, in writing, on or before **March 31, 2021**, why it should not be sanctioned under Rule 11 and why costs and fees should not be awarded to Plaintiffs under 28 U.S.C. § 1447(c) for Defendant's frivolous removal.

Plaintiffs are **ORDERED** to file a declaration no longer than three (3) pages, on or before **March 31, 2021**, outlining and substantiating in detail their costs and attorneys' fees incurred as a result of Defendant's improper removal.

I.    BACKGROUND

Plaintiffs initiated this action in the New York County Supreme Court on November 16, 2020.  (*See* Notice of Removal ("NoR"), Ex. A, Complaint (Docket No. 1)).  On November 20, 2020, Defendant's registered agent was served with a copy of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-547 MWF (JEMx)          Date: March 24, 2021

Title:     The Fred R. Gumbinner Living Trust, Inc., et al. v. Kronos Advanced Technologies, Inc.

the Complaint through the Nevada Secretary of State. (*See* Declaration of Jerome Reisman ("Reisman Decl.") Ex. 1, Affidavit of Service (Docket No. 26-1)).

On or around December 16, 2020, counsel for Defendant called counsel for Plaintiffs, advising that he was representing Defendant and requesting an extension of time to answer the Complaint. (Reisman Decl. ¶ 5). Counsel for Plaintiffs memorialized the conversation in an email and agreed to a one-week extension, allowing Defendant to answer the Complaint on or before December 23, 2020. (*Id.*, Ex. 2, December 16, 2020 Email (Docket No. 26-2)). Counsel for Defendant did not file an Answer by the December 23, 2020 deadline, and instead made representations to counsel for Plaintiffs in late December and through mid-January that Defendant was delayed in filing the Answer because of COVID-19 but would keep counsel for Plaintiffs updated about the status of the filing. (*Id.* ¶¶ 6-9). Counsel for Plaintiffs did not agree to any additional extensions. (*Id.*).

On January 20, 2021, Defendant removed the action to this Court on the basis of diversity jurisdiction, representing that its Notice of Removal was timely pursuant to the 30-day deadline imposed by 28 U.S.C §1446(b)(2)(B) because it had not been served with a copy of the Summons and Complaint. (NoR ¶¶ 5, 8).

## II. DISCUSSION

### A. Remand

Plaintiffs move for remand, contending that the Notice of Removal was untimely, and further request that the Court impose sanctions and attorneys' fees for Defendant's frivolous removal. (Motion at 6-13).

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Section 1446(b)(3) additionally permits removal "within 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-547 MWF (JEMx)                Date:  March 24, 2021
Title:    The Fred R. Gumbinner Living Trust, Inc., et al. v. Kronos Advanced Technologies, Inc.

days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Although the 30-day deadline is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal[.]"  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  However, if "the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time."  *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014) (citation and internal quotation marks omitted).

Defendant removed the action on the basis of diversity jurisdiction.  (NoR ¶ 5; *see also* Declaration of Marc Applbaum ¶ 8 (Defendant's counsel stating that he removed the action on the basis of diversity jurisdiction) (Docket No. 35 at 9)).  It was apparent from the face of the Complaint that the parties are residents of different states and that the amount of controversy exceeds $75,000.  (*See* Complaint ¶¶ 1-3 (listing the parties' residencies in different states), ¶¶ 7, 20, 24, 27, 30 (requesting specific performance under the terms of a $75,000 promissory note and a $125,000 promissory note, $2,000 per day in liquidated damages, and reasonable attorneys' fees)); *see Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (explaining that where the plaintiff seeks equitable relief, the "amount in controversy is measured by the value of the object of the litigation"); *see also Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) ("Here, the object in litigation is the Property, which was assessed at a value of more than $200,000, and therefore satisfies the amount-in-controversy requirement.").  Therefore, this action does not present the situation in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-547 MWF (JEMx)                    Date:  March 24, 2021
Title:         The Fred R. Gumbinner Living Trust, Inc., et al. v. Kronos Advanced Technologies, Inc.

which "the 30-day time period never starts to run and the defendant may remove at any time." *See Rea*, 742 F.3d at 1238.

The 30-day period began on November 20, 2020, when Defendant was served with a copy of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1); (Reisman Decl., Ex. 1, Affidavit of Service).

Defendant represented in its Notice of Removal that removal was timely because Defendant had not been served with a copy of the Summons and Complaint. (NoR ¶ 8).  This claim is belied by (1) Plaintiffs' Proof of Service showing that Defendant was served on November 20, 2020, (Reisman Decl., Ex. 1); and (2) Counsel for Defendant's telephone call to counsel for Plaintiff on or before December 16, 2020, requesting an extension of time to answer the Complaint (Reisman Decl. ¶ 5, Ex. 2). Defendant's removal on January 20, 2021, fell well outside of the 30-day period and was patently improper.

Accordingly, the Motion to Remand is **GRANTED**.

**B.     Order to Show Cause re: Sanctions and Attorneys' Fees**

Plaintiffs additionally request Rule 11 sanctions and attorneys' fees and costs incurred by the improper removal under 28 U.S.C. § 1447(c).  (Motion at 12-13).

The Court may award just costs and attorneys' fees incurred as a result of removal under 28 U.S.C. § 1447(c), but "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  "Rather, the court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'" *Martinez v. Michaels*, CV 15-02104 MMM (Ex),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-547 MWF (JEMx) | Date: March 24, 2021 |
| Title: | The Fred R. Gumbinner Living Trust, Inc., et al. v. Kronos Advanced Technologies, Inc. |

2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) (quoting *Lussier*, 518 F.3d at 1066)).

Rule 11 provides that an attorney or party who signs a pleading certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that the: (1) pleading is not being presented for any improper purpose; (2) legal contentions are warranted by existing law or a nonfrivolous argument for modifying existing law; and (3) "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Rule 11 is intended to deter the filing of frivolous pleadings. *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990). As such, sanctions are appropriate in an "exceptional circumstance,' where a claim or motion is patently unmeritorious or frivolous." *Id.* (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3rd. Cir. 1988)). A frivolous claim or pleading for Rule 11 purposes is one that is "legally or factually 'baseless' from an objective perspective . . . and made without a reasonable and competent inquiry." *Q-Pharma v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).

For the reasons discussed above, it appears that Defendant's removal was objectively unreasonable and patently frivolous. Accordingly, Defendant is **ORDERED TO SHOW CAUSE**, in writing, on or before **March 31, 2021**, why it should not be sanctioned under Rule 11 and why fees should not be awarded under 28 U.S.C. § 1447(c).

Plaintiffs are **ORDERED** to file a declaration no longer than three (3) pages, on or before **March 31, 2021**, outlining in detail their costs and attorneys' fees incurred as a result of Defendant's improper removal.

### III. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-547 MWF (JEMx) | **Date:** March 24, 2021 |
| **Title:** The Fred R. Gumbinner Living Trust, Inc., et al. v. Kronos Advanced Technologies, Inc. | |

For the reasons stated above, the Motion to Remand is **GRANTED**. The action is **REMANDED** and the Clerk of Court is **ORDERED** to return this action to the Supreme Court of the State of New York for the County of New York.

Because the Court remands the action, Defendant's Motion for Judgment on the Pleadings is **DENIED** *as moot*. Because the Court granted Plaintiffs' Ex Parte Application on February 24, 2021, Defendant's Motion to Strike is **DENIED** *as moot*.

Defendant is **ORDERED TO SHOW CAUSE**, in writing, on or before **March 31, 2021**, why it should not be sanctioned under Rule 11 and why fees and costs should not be awarded to Plaintiffs under 28 U.S.C. § 1447(c).

Plaintiffs are **ORDERED** to file a declaration no longer than three (3) pages, on or before **March 31, 2021**, outlining and substantiating in detail their costs and attorneys' fees incurred as a result of Defendant's improper removal.

IT IS SO ORDERED.